KEVIN G. McBRIDE (Cal. Bar No. 195866)
kmcbride@akingump.com
CLARK GORDON (Cal. Bar No. 306317)
cgordon@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD LLP**
4 Park Plaza, Suite 1900
Irvine, CA  92614
Telephone:   949-885-4100
Facsimile:   949-885-4101

DAVID C. VONDLE (Cal. Bar No. 221311)
dvondle@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD LLP**
2001 K Street, N.W.
Washington, DC 20006
Telephone:   202-887-4000
Facsimile:   202-887-4288

MICHAEL P. KAHN (*pro hac vice admission*)
mkahn@akingump.com
ANDREW SCHREIBER (*pro hac vice admission*)
aschreiber@akingump.com
SVETLANA PAVLOVIC (*pro hac vice admission*)
spavlovic@akingump.com
**AKIN GUMP STRAUSS HAUER & FELD LLP**
One Bryant Park, 44th Floor
New York, NY  10036-6745
Telephone:   212.872.1000
Facsimile:   212.872.1002

Attorneys for Plaintiff
3M COMPANY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 3M COMPANY,<br><br>            Plaintiff,<br><br>     v.<br><br>AMERICAN DENTAL EQUIPMENT, LLC d/b/a LION'S DENTAL SUPPLY a/k/a LION'S DENTAL SUPPLY & EQUIPMENT,<br><br>            Defendant. | Case No. 5:20-cv-2128-JWH-SHK<br><br>**PLAINTIFF'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE** |

Plaintiff 3M Company ("3M") hereby submits this Response to the Court's Order to Show Cause dated November 25, 2020 ("Order") and, for the reasons stated herein, respectfully requests that the Court not dismiss this action at this time to allow for the parties to continue their efforts to negotiate and execute a settlement agreement that would resolve this matter in its entirety. As explained more fully below, between the date that 3M filed its Complaint on October 9, 2020 and the date of the Order, 3M actively attempted to engage, and did engage, the Defendant American Dental Equipment, LLC d/b/a Lion's Dental Supply a/k/a Lion's Dental Supply & Equipment ("Defendant") numerous times to find the most efficient manner to bring this matter to resolution. During this time period, 3M and Defendant participated in substantive discussions about terms for settlement, as well as a Consent Judgment and Permanent Injunction in this matter.

1. On October 9, 2020, 3M filed this lawsuit against Defendant, alleging that Defendant engaged in trademark counterfeiting under 15 U.S.C. §§ 1114(1) and 1116(d); trademark infringement under 15 U.S.C. § 1114(1); unfair competition, false endorsement, false association, and false designation of origin under 15 U.S.C. § 1125(a)(1)(A); trademark dilution under 15 U.S.C. § 1125(c); false advertising under 15 U.S.C. § 1125(a)(1)(B); unfair competition under Cal. Bus. Prof. Code § 17200 *et seq.*; and unfair competition and passing off under California common law. *See* D.I. 1.

2. On October 15, 2020, 3M contacted Defendant by telephone to discuss the Complaint and Defendant's interest in promptly resolving the matter. Defendant confirmed it was amendable to resolving the matter quickly. 3M memorialized this conversation in an email to Defendant the following day, and noted it would begin preparing a Consent Order and Permanent Injunction based on this telephone discussion. *See* Ex. A (10/16/20 EM from D. Vondle to J. Brown, with exhibits removed).

3. Following the Court's issuance of the Standing Order on October 18, 2020, (D.I. 12), 3M sent Defendant an email stating that 3M would serve the Complaint upon Defendant pursuant to the Court's Standing Order, and would continue preparing

the Consent Order and Permanent Injunction to resolve the matter. *See* Ex. B (10/20/20 EM from D. Vondle to J. Brown, with attachments removed).

4. On October 22, 2020, 3M served the Complaint upon Defendant, and Defendant was thereby required to file an Answer or otherwise respond to 3M's Complaint on November 12, 2020, unless an extension was authorized by the Court. (D.I. 20).

5. On October 23, 2020, 3M and Defendant again discussed the Complaint and resolution of this matter by settlement and Consent Order by telephone conference. 3M informed Defendant it was preparing a draft settlement agreement to send to Defendant, along with the draft Consent Order and Permanent Injunction, based on their earlier communications.

6. On November 11, 2020, 3M emailed Defendant three documents: (1) a draft Consent Judgment and Permanent Injunction; (2) a draft Settlement Agreement; and (3) a draft Joint Stipulation and Proposed Order to Extend the Deadline for Defendant's Answer to Plaintiff's Complaint. *See* Ex. C (11/11/20 EM from D. Vondle to J. Brown; with attachments removed). The joint stipulation would have allowed Defendant an additional month—from November 12 to December 12, 2020—to file an Answer or otherwise respond to 3M's Complaint. Although 3M emphasized the need to finalize and file the joint stipulation by the following day, 3M did not hear back from Defendant on November 11, and followed up by phone and email on November 12, 2020. *See* Ex. D (11/12/20 EM from D. Vondle to J. Brown); Ex. E (11/12/20 EM from D. Vondle to J. Brown). 3M did not receive a response to its repeated communications from Defendant, and the deadline therefore lapsed for Defendant to file a timely Answer or other response to 3M's Complaint.

7. On Friday, November 20, 2020, 3M was able to contact Defendant by telephone concerning the draft Consent Judgment and Permanent Injunction, Settlement Agreement, and Joint Stipulation and Proposed Order to Extend the Deadline for Defendant's Answer to Plaintiff's Complaint, and the parties discussed the same. *See* Ex.

F (11/25/20 EM from D. Vondle to J. Brown) (memorializing telephone conversation). Since that time, 3M and Defendant have had intermittent contact, namely email communication from 3M to Defendant inquiring about the status of the draft stipulation and the settlement materials previously provided to Defendant.

8. Most recently, on Thursday, December 3, 2020, 3M and Defendant spoke by telephone about the Court's Order and 3M's response. Defendant represented that it would provide a response to 3M's settlement agreement no later than Friday, December 18, 2020.

9. In light of the foregoing and the efforts undertaken by 3M and Defendant to resolve this case in its entirety by settlement, 3M respectfully requests that the Court not dismiss this action at this time despite Defendant's failure to file a timely Answer or response to the Complaint. 3M is diligently working, and has diligently worked, to engage Defendant in connection with their response date, as well as a settlement of this matter in the form of the draft Settlement Agreement and Consent Order and Permanent Injunction sent to Defendant on November 11, 2020.

10. In the event Defendant proceeds to file any Answer or response to the Complaint out of time without seeking prior stipulations from 3M or prior authorization from the Court, 3M reserves all of its rights to move or otherwise challenge any such pleading that may be filed by Defendant based on timeliness and all other grounds.

11. To the extent that the Court has remaining concerns about 3M's efforts to prosecute this matter since the issuance of the Order, 3M respectfully requests the Court allow 3M to continue its efforts to engage with Defendant to resolve this matter by settlement and a Consent Order and Permanent Injunction, and requests one additional month from today's date (*i.e.*, through January 8, 2021) to negotiate and finalize a settlement agreement, along with a Consent Order and Permanent Injunction, with Defendant.

12. In the event 3M is unable to resolve this case through settlement by January 8, 2021, or make substantial progress in its efforts due to a continued lack of

consistent engagement by Defendant, 3M intends to update the Court and potentially seek additional guidance and direction from the Court, including possibly seeking a default judgment against Defendant.

DATED: December 7, 2020

    Respectfully submitted,

/s/ *David C. Vondle*
DAVID C. VONDLE (Cal. Bar No. 221311)
AKIN GUMP STRAUSS HAUER & FELD LLP
dvondle@akingump.com
2001 K Street, N.W.
Washington, DC 20006
Telephone: 202-887-4000
Facsimile: 202-887-4288

*Attorneys for Plaintiff*
3M Company